# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-0854V

| | |
|---|---|
| VIRGINIA MCGEE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 17, 2025 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Dorian Hurley*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT**[1]

  On February 3, 2021, Virginia McGee filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as a result of an influenza ("flu") vaccine received on August 28, 2020. Petition at Preamble. Petitioner further alleges that she suffered the residual effects of her injury for more than six months after the administration of the flu vaccine. Amended Petition at 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 17, 2025, Respondent filed his Amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that:

> Medical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services, have reviewed the evidence filed in this case, as well as the Fact Ruling issued by the Chief Special Master. Recognizing that the Chief Special Master's factual findings that petitioner suffered the residual effects of her injury for more than six months and that the onset of petitioner's pain occurred within forty-eight hours of vaccination are the law of the case, respondent advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters. While preserving his right to appeal the Chief Special Master's Fact Ruling, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA. *See* 42 C.F.R §§ 100.3(a)(XIV) and (c)(10).

*Id.* at 2-3. Respondent further agrees that:

> petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder prior to vaccination that would explain the signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain and reduced range of motion was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain… Additionally, petitioner suffered the residual effects of her condition for more than six months… Therefore, based on the record as it now stands and subject to his right to appeal the December 5, 2024 Fact Ruling, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 8-9.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

2