# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0854V

|  |  |
|---|---|
| VIRGINIA MCGEE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 13, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Dorian Hurley, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

      On February 3, 2021, Virginia McGee filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as a result of an influenza ("flu") vaccine received on August 28, 2020. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On January 17, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On March 13, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $60,227.04, consisting of $60,000.00, in pain and suffering and $227.04, in unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,227.04, (consisting of $60,000.00, in pain and suffering and $227.04, in unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VIRGINIA MCGEE, | ) |
|   Petitioner, | ) |
| v. | ) No. 21-854V (SPU) |
|   | ) Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ECF |
|   Respondent. | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 3, 2021, Virginia McGee ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as a result of an influenza ("flu") vaccine received on August 28, 2020. Petition at 1. On June 23, 2022, petitioner filed an amended petition ("Amended Petition") alleging that she received the flu vaccine in her right deltoid on August 26, 2020, and providing details regarding her course of treatment for her alleged right SIRVA. *See* Amended Petition. On January 17, 2025, Secretary of Health and Human Services ("respondent") filed an Amended Rule 4(c) Report, advising that, in light of the Chief Special Master's December 5, 2024 Fact Ruling that petitioner suffered the residual effects of her injury for more than six months and that petitioner's right shoulder pain began within forty-eight hours of vaccination (ECF No. 46), and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. ECF No. 47. That same day, the Chief Special Master

issued a Ruling on Entitlement, finding petitioner entitled to vaccine compensation.[1]  ECF No. 48.

## I. Items of Compensation

### A. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded $60,000.00 for pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $227.04.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]  a lump sum payment of $60,227.04, to be paid

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's December 5, 2024 Fact Ruling and January 17, 2025 Ruling on Entitlement.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

### III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Virginia McGee:   **$60,227.04**

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 353-7751
Email:  Dorian.Hurley@usdoj.gov

DATED:  March 13, 2025

3